UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RENEGADE HOLDINGS, INC.,

  Plaintiff,

v

INTOUCH GROUP INC., and
JOSHUA D. KAPLAN,

  Defendants.
_____/

CASE NO.: 02-22608
Hon.

CIV - JORDAN

MAGISTRATE JUDGE
BROWN

## ANSWER TO AMENDED COMPLAINT

Defendants Intouch Group, Inc. and Joshua D. Kaplan, by and through their attorneys, answer Plaintiff's Amended Complaint as follows:

### JURISDICTION AND PARTIES

1. Defendants admit that this is an action in which Plaintiff is seeking damages which exceed the sum of $15,000, and that this matter is within the non-exclusive jurisdiction of this Court, but deny that Plaintiff's claims have merit.

2. The allegations of Paragraph 2 are neither admitted nor denied for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

3. Defendants admit the allegations of Paragraph 3.

4. Defendants admit the allegations of Paragraph 4.

5. The allegations of Paragraph 5 are neither admitted nor denied for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

6. Defendants admit that the Agreement between the parties contains a venue and jurisdiction provision, but deny any allegations that the venue and jurisdiction limited to Miami-Dade County state court. Further answering, Defendants aver that the Agreement is the best evidence of its contents, and deny any allegations inconsistent with the express terms of the Agreement.

7. Defendants deny the allegations of Paragraph 7 as untrue.

8. The allegations of Paragraph 8 are neither admitted nor denied for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

## FACTUAL BACKGROUND

9. Defendants admit only that they entered into an Agreement with Plaintiff in 2001. Further answering, Defendants aver that the Agreement is the best evidence of its contents and deny any allegations inconsistent with the express terms of that Agreement.

10. Defendants admit only that Schedule A to the Agreement was executed by the parties. Further answering, Defendants aver that the Agreement, including any amendments or modifications thereto, is the best evidence of its contents, and deny any allegations inconsistent with the express terms of the Agreement.

11. Defendants admit only that they entered into an Agreement with Plaintiff in 2001. Further in answering, Defendants aver that the Agreement is the best evidence of its contents and deny any allegations inconsistent with the express terms of that Agreement.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

Document: 000118977/0001/74723/1lnn01!.DOC

12. Defendants deny the allegations of Paragraph 12 as untrue.

13. Defendants deny the allegations of Paragraph 13 as untrue.

14. The allegations of Paragraph 14 are neither admitted nor denied for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

15. The allegations of Paragraph 15 are neither admitted nor denied for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

16. The allegations of Paragraph 16 are neither admitted nor denied for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

17. Defendants deny the allegations of Paragraph 17 as untrue.

18. Defendants deny the allegations of Paragraph 18 as untrue.

19. The allegations of Paragraph 19 are neither admitted nor denied for the reason that Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

## COUNT I
## BREACH OF CONTRACT

20. Defendants incorporate by reference their responses to paragraphs 1-19, inclusive.

21. Defendants admit only that they entered into an Agreement with Plaintiff in 2001. Further in answering, Defendants aver that the Agreement is the best evidence of its contents and deny any allegations inconsistent with the express terms of that Agreement.

22. Defendants deny the allegations of Paragraph 22 as untrue.

Document: 000118977/0001/74723/1lnn01!.DOC

23. Defendants deny the allegations of Paragraph 23 as untrue.

24. Defendants deny the allegations of Paragraph 24 as untrue.

25. Defendants deny the allegations of Paragraph 25 as untrue.

26. Defendants deny the allegations of Paragraph 26 as untrue.

WHEREFORE, Defendants pray that Plaintiff's Amended Complaint be dismissed in its entirety or, alternatively, that a judgment of no cause of action be entered with costs and attorney fees to be taxed.

Respectfully submitted,

**BUTZEL LONG**

By: _[signature]_
    Philip Forbes 0180356
Suite 227
11382 Prosperity Farms Road
Palm Beach Gardens, FL 33410
(561) 625-1600

J. Michael Huget (P39150)
H. William Burdett, Jr. (P63185)
Suite 300
350 S. Main Street
Ann Arbor, MI 48104
(734) 995-3110

**Attorneys for Defendants**

Dated: September 4, 2002

Document: 000118977/0001/74723/1lnn01!.DOC

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff failed to perform its obligations to Defendants pursuant to the Agreement, which failures constitute breach of contract and excuse Defendants from performance.

3. Any injuries or damages suffered by Plaintiff, which injuries and damages Defendants expressly deny, were solely, proximately, and directly caused by the actions of Plaintiff or others over which Defendants exercises no control.

4. Defendants hereby give notice to Plaintiff that they lacks knowledge and information sufficient to form a belief as to the truth of numerous allegations contained in the Amended Complaint, and until Defendants avails themselves of their right of discovery, it cannot determine whether any or all of these affirmative defenses will be asserted at trial. For the same reasons, Defendants reserve the right to assert additional affirmative defenses as may be deemed warranted following completion of discovery.

Respectfully submitted,

**BUTZEL LONG**

By: *[signature]*
  Philip Forbes 0180356
  Suite 227
  11382 Prosperity Farms Road
  Palm Beach Gardens, FL 33410
  (561) 625-1600

Document: 000118977/0001/74723/1lnn01!.DOC

J. Michael Huget (P39150)
H. William Burdett, Jr. (P63185)
Suite 300
350 S. Main Street
Ann Arbor, MI 48104
(734) 995-3110

**Attorneys for Defendants**

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

Document: 000118977/0001/74723/1lnn01!.DOC

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT a true and correct copy of the foregoing **ANSWER TO AMENDED COMPLAINT** was sent via United States Mail this 5th day of September, 2002 to Adam F. Haimo, Esq., Houston & Shahady, P.A., Attorney for Plaintiff, 316 Northeast Fourth Street, Fort Lauderdale, Florida 33301.

**BUTZEL LONG**

_____
Philip H. Forbes
Florida Bar No.: 0180356
Suite 227
11382 Prosperity Farms Road
Palm Beach Gardens, FL  33410
(561) 625-1600

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS